## KONG KEE *vs.* KAHALEKOU.

### EXCEPTIONS TO FINDINGS OF McCULLY, J.

### JANUARY TERM, 1886.

JUDD, C. J.; McCULLY and PRESTON, JJ.

A lessor, desiring to oust a tenant for non-payment of rent, must pursue the legal remedy afforded him by statute; if he takes forcible possession of the premises, he makes himself liable, as bailee, for the goods of the tenant therein.

In a jury-waived case, the finding of the Court on the facts will be treated like the verdict of a jury; if there is evidence to support it, it cannot be disturbed.

Exceptions overruled.

### OPINION OF THE COURT, BY JUDD, C. J.

The plaintiff became, on the 4th of June, 1885, a tenant of defendant by purchase at a Marshal's sale of the leasehold of defendant. By the lease a rent of $20 was due in advance on the 1st of January and June of each year. Defendant demanded $40 rent of the plaintiff soon after he purchased the lease. Plaintiff offered to pay for the six months in advance, from June 1st to last of December, but said he was not required to pay the rent for the six months prior to his purchase. The defendant then ejected plaintiff from the premises by force, closed the store containing goods of plaintiff's, and kept him out of possession for two weeks.

This action is brought for damages for the unlawful eviction, including $308 in money, which the plaintiff alleges was in his store when he was ejected therefrom, and which disappeared during defendant's unlawful possession.

Mr. Justice McCully tried the case, the jury being waived, and found for the plaintiff $500 damages.

The case comes to us by exception from a finding of law, that where the statute prescribes a method of redress to a landlord, it must be followed (citing *Brewer vs. Chase*, 3 Hawn. 136), and that the findings of fact were contrary to the evidence.

### By the Court.

The lease contained a provision for forfeiture in case of non-payment of rent. We have provided for by statute a summary method by which a lessor can recover possession of his premises in certain cases, and among these where the tenancy has been determined by reason of forfeiture under the conditions of covenants in such lease. (Compiled Laws, p. 274.) The forcible entry was not justified. They are discountenanced in the law, as leading to breaches of the peace. The lessor should have pursued his legal remedy, and has, by taking forcible possession of the store on the premises, made himself liable, as bailee, for the goods of plaintiff therein.

We think the law was correctly laid down by the trial justice.

So far as the judgment on the facts is concerned, we are obliged to treat it as if a jury had rendered a verdict. There was evidence, which the Justice believed, that an amount of $308 in cash was on the premises when defendant closed the store and took possession. Under repeated rulings of this Court, such a judgment cannot be disturbed.

Exceptions overruled.

*W. R. Castle,* for plaintiff.

*J. M. Poepoe,* for defendant.

Honolulu, March 3, 1866.